UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br><br>and<br><br>BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br>1343 L Street, N.W.<br>Washington, DC 20005<br><br>      Plaintiffs,<br><br>  v.<br><br>MIDDLEBELT-HOPE ACQUISITION COMPANY, INC., d/b/a MIDDLEBELT HEALTHCARE CENTER a/k/a MIDDLEBELT NURSING CARE CENTER,<br>4000 Town Center, Suite # 380<br>Southfield, Michigan 48075<br><br>      Defendant.<br><br>Serve: Mohammad Qazi, Registered Agent<br>      4000 Town Center, Suite 380<br>      Southfield, Michigan 48075 | Civil Action No. _____ |

**COMPLAINT**

Plaintiffs, by counsel, hereby complain of Defendant, Middlebelt-Hope Acquisition Company, Inc. d/b/a Middlbelt Healthcare Center a/k/a Middlebelt Nursing Care Center, as follows:

## Introduction

1. This is an action to collect delinquent contributions that the Defendant Middlebelt-Hope Acquisition Company, Inc. d/b/a Middlbelt Healthcare Center a/k/a Middlebelt Nursing Care Center ("Middlebelt" or "Defendant"), owes Plaintiff Service Employees International Union National Industry Pension Fund ("Pension Fund" or "Plaintiff"). This action is brought by the Pension Fund and Plaintiff Board of Trustees of the Pension Fund ("Trustees" or "Plaintiff"), (collectively, "Plaintiffs") pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, as amended by the Multi-employer Pension Plan Amendments Act of 1980 ("ERISA"), and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA").

## Jurisdiction and Venue

2. Jurisdiction of the Court arises pursuant to 28 U.S.C. §§ 1331, Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Because the Pension Fund is administered in this district, venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Parties

4. Plaintiff Pension Fund is a multi-employer jointly administered labor-management pension fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund is an employee pension benefit plan within the meaning of Sections 3(2) and 3(3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and is maintained for the purpose of providing

retirement and related benefits to eligible participants and their beneficiaries. The Pension Fund is also a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5.  Plaintiff members of the Board of Trustees of the Pension Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6.  The Pension Fund is administered in the District of Columbia. Its principal offices are at 1343 L Street, N.W., Washington, D.C. 20005.

7.  Plaintiffs bring this action on behalf of themselves and on behalf of Pension Fund participants and beneficiaries pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

8.  Defendant Middlebelt is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

9.  Upon information and belief, Defendant is a corporation incorporated in the State of Michigan, and has a mailing address of 4000 Town Center, Suite 380, Southfield, Michigan 48075.

10. Upon information and belief, Defendant's business is located at 14900 Middlebelt Road, Livonia, Michigan 48154.

## Statement of Claim

11. At all relevant times, Service Employees International Union Local 79 ("Local 79") has been the exclusive collective bargaining agent for all of Defendant Middlebelt's nurse aides, cooks, dietary, housekeeping, laundry, and maintenance employees at Defendant's facility at 14900 Middlebelt Road, Livonia, Michigan 48154.

12.     On or about October 18, 2002, Defendant entered into a collective bargaining agreement ("Collective Bargaining Agreement" or "Agreement") with Local 79 covering Defendant's employees, effective retroactively to May 1, 2001

13.     The Collective Bargaining Agreement is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

14.     Appendix B of Middlebelt's Collective Bargaining Agreement requires that, effective May 1, 2001 through the present, Defendant contributes to the Pension Fund at a certain rate per hour paid for each of its employees covered by the Agreement.

15.     Middlebelt's Agreement further provides that Defendant accepts and agrees to be bound by the terms and provisions of the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement"), and by all resolutions and rules adopted by the Trustees pursuant to the powers delegated to them under the Trust Agreement, including collection policies.

16.     At all relevant times, Section 3.1 of the Trust Agreement has provided that an employer shall submit complete remittance reports to the Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of paid hours for each employee during the reporting month. The information is necessary in order for the Pension Fund to properly credit each employee with the appropriate amount of pension credit and to verify that the employer has remitted the appropriate amount of contributions for the reported hours.

17. At all relevant times, the Trust Agreement and the Pension Fund's Collection Policy, adopted by the Trustees pursuant to their authority under the Trust Agreement, have provided that an employer delinquent in its contributions to the Pension Fund is liable for interest at the rate of ten percent (10%) per annum, liquidated damages equal to five percent (5%) of the delinquent contribution prior to the commencement of legal action and twenty percent (20%) thereafter, and attorneys' fees and costs.

18. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers who are obligated to make contributions to a multi-employer employee benefit plan to do so in accordance with the terms of the collective bargaining agreement or the plan.

19. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides as follows:
In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of:

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

      (E)    such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

20.    Despite repeated requests from both the Pension Fund and its Counsel, Defendant has failed to pay contributions Defendant owes to the Pension Fund, plus accrued interest and liquidated damages. Specifically, Defendant has failed to: submit to the Fund the total amount of contributions due for the months including, but not necessarily limited to, October 2002 through the present; provide to the Fund the required remittance reports for May 2003 and April 2005 through the present; and pay in a timely manner the contributions for various months during the period 2001 to the present.

21.    Because of Defendant's failure and refusal to remit its required contributions to the Pension Fund, Defendant is delinquent in their contribution obligations to the Pension Fund. Due to Defendant's failure to submit the required remittance reports, the specific amount due the Pension Fund cannot be established at this time.

22.    Defendant's failure to remit its required contributions and interest and liquidated damages is a breach of its obligations under the Collective Bargaining Agreements and the Trust Agreement and is a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

23.    Under Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), Defendant is obligated to the Pension Fund and the Trustees to pay the full amount of its delinquent contributions, interest, and liquidated damages.

24.     Under Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), and Section 301 of the LMRA, 29 U.S.C. § 185)a), Defendant are also obligated to the Pension Fund and the Trustees to pay the Plaintiffs' attorney's fees and costs of this action. Plaintiffs are also entitled, under Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E), to such other legal or equitable relief as the Court deems appropriate.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court:

1.      Declare that Defendant is delinquent in its contributions to the Pension Fund pursuant to the Collective Bargaining Agreement;

2.      Enter judgment in the full amount of the delinquent contributions Defendant owes to the Pension Fund, including additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Pension Fund's review of Defendant's employment records, together with interest, liquidated damages, attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and by Section 502 (g)(2) ERISA, 29 U.S.C. § 1132(g)(2).

3.      Restrain and enjoin the Defendant, its officers, agents, servants, attorneys, successors, assigns and all persons acting on its behalf or in conjunction with it from:

(a)     refusing to timely file remittance reports due the Pension Fund for all periods for which the Defendant are obligated to file such reports under the terms of a collective bargaining agreement; and

  (b) failing or refusing to pay to the Plaintiffs all amounts, including contributions, interest, liquidated damages and costs due to the Pension Fund for which Defendant is obligated to make payments under the terms of a collective bargaining agreement.

 4. Retain jurisdiction of this case pending compliance with its Orders, and

 5. Grant such other legal or equitable relief as the Court may deem just.

         Respectfully submitted,

         /s/ Thomas J. Hart
         Thomas J. Hart, Esq. (DC Bar No. 165647)
         Karen J. Ward, Esq. (DC Bar No. 443340)
         SLEVIN & HART, P.C.
         1625 Massachusetts Ave., N.W., Suite 450
         Washington, D.C. 20036
         202-797-8700 (Telephone)
         202-234-8231 (Facsimile)

Dated: August 19, 2005      Attorneys for Plaintiffs