IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEE INTERNATIONAL  ) <br> UNION NATIONAL INDUSTRY  ) <br> PENSION FUND et al.,  ) <br>  ) <br>  ) <br> Plaintiffs,  ) <br>  ) <br> v.  ) <br>  ) <br> MIDDLEBELT-HOPE ACQUISITION CO.  ) <br> d/b/a Middlebelt Healthcare  ) <br> Center a/k/a Middlebelt Nursing  ) <br> Care Center,  ) <br>  ) <br> Defendant.  ) | Civil Action No. 05-cv-01675 (RJL) |

**JOINT MEET AND CONFER STATEMENT
UNDER FED. R. CIV. P. 26(f) & L.R. 16.3**

1. The Rule 26(f) meeting was held on October 19, 2005.

2. Thomas Hart, Esq., counsel for the Plaintiff Funds, and John Lowe, Esq., counsel for the Defendant, participated in a telephonic conference.

**DISCOVERY DEADLINES**

3. Initial discloses under Fed. R. Civ. P. 26(a)(1) will be exchanged by **November 21, 2005**.

4. The parties made no agreements regarding informal discovery.

5. Deadline for Joinder of Parties and Amendment of Pleadings: **January 6, 2006.**

6. Discovery Cut-off: **February 25, 2006.**

7. Expert Discovery Deadline: **February 25, 2006.**

8. Dispositive Motion Deadline: **March 24, 2006**.

9. Interrogatory Schedule

Interrogatories shall be served no later than 60 days after the Scheduling Conference. Responses and objections shall be required within 30 days of service of the interrogatories.

10. Schedule for Request for Production of Documents

Requests for Production of Documents shall be served no later than 60 days after the Scheduling Conference. Responses and objections shall be required within 30 days of service of the document requests.

11. Discovery Limitations:

(A) All depositions shall be limited to a single day. The parties shall exert best efforts to conduct and conclude all necessary depositions in a single day.

(B) No modification on the presumptive numbers of depositions or interrogatories contained in the federal rules.

(C) No modification on the presumptive number of depositions, interrogatories or request for production of documents contained in the federal rules.

## STATUTORY BASIS OF
## CAUSES OF ACTIONS & DEFENSES

12. This action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*., as amended by the Multi-employer Pension Plan Amendments Act of 1980 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA").

13. Defendant relies on the following affirmative defenses:

a. Any alleged damages sustained by the plaintiffs were proximately caused, totally or in part, by plaintiffs' negligence and/or willful acts and any recovery by plaintiffs must, therefore, be diminished in whole or in part.

b. Plaintiffs' Complaint and the relief sought therein is barred in whole or in part by the legal and equitable doctrines of waiver, estoppel, unclean hands, and laches.

c. Plaintiffs failed to make every reasonable effort to mitigate, prevent, and/or reduce their alleged damages and injuries.

d. Defendant reserves the right to add and rely upon all affirmative defenses

as may be hereafter disclosed by way of discovery.

## STATEMENT OF FACTS

14. Service Employees International Union Local 79 ("Local 79") is the exclusive collective bargaining agent for all of Defendant Middlebelt-Hope Acquisition Co.'s (Middlebelt's) nurse aides, cooks, dietary, housekeeping, laundry, and maintenance employees at Defendant's facility at 14900 Middlebelt Road, Livonia, Michigan 48154.

15. On or about October 18, 2002, Defendant entered into a collective bargaining agreement ("Collective Bargaining Agreement" or "Agreement") with Local 79 covering Defendant's employees, effective retroactively to May 1, 2001. Appendix B of Middlebelt's Collective Bargaining Agreement requires that, effective May 1, 2001, through the present, Defendant contribute to the Pension Fund at a certain rate per hour paid for each of its employees covered by the Agreement.

16. Middlebelt's Agreement further provides that Defendant accepts and agrees to be bound by the terms and provisions of the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement"), and by all resolutions and rules adopted by the Trustees pursuant to the powers delegated to them under the Trust Agreement, including collection policies.

17. Plaintiffs allege that the Defendant have violated the collective bargaining agreement and the Fund's Trust Agreement through the following conduct: (1) since at least October 2002 through the present, the Defendant failed to contribute the total amount of contributions owed; (2) the Defendant failed to submit the required remittance reports for May 2003 and April 2005 through the present; and (3) the Defendant failed to pay in a timely manner the contributions for various months during the period 2001 to the present.

18.     Defendant alleges 1) that it has been voluntarily submitting past due contributions for the years 2001 to 2003, 2) that it has timely paid contributions from 2004 to present, and 3) that it has submitted the required remittance reports for May 2003 and April 2005 to the present. Furthermore, upon information and belief, defendant maintains that it may not have received remittance invoices from plaintiff.  Finally, defendant maintain that it has attempted to resolve this matter before the lawsuit was filed.  Therefore, defendant alleges that filing of this complaint is an attempt by plaintiffs to obtain unwarranted costs, interest and attorney fees.

**SETTLEMENT**

19.     The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. The parties have not yet arrived at a resolution of this matter, but feel confident that a resolution is possible.  Settlement discussions are ongoing.

20.     The parties could benefits from the Court's Alternative Dispute Resolution procedures and would welcome mediation by a magistrate judge.

**RESOLUTION BY MAGISTRATE JUDGE**

21.     The case should **NOT** be assigned for resolution by magistrate judge.

**DISPOSITIVE MOTIONS**

22.     The case likely will be resolved by dispositive motions.  Dispositive motions shall be filed by March 24, 2006.  Opposition to dispositive motions shall be filed within 21 days thereafter, and replies filed within 14 days of the filing of the opposition.

DATED this 9th day of November, 2005.

/s/ Thomas J. Hart
Thomas J. Hart
Slevin & Hart, P.C.
1625 Massachusetts Avenue, NW
Suite 450
Washington DC 20036
(202) 797-8700 (tel)
(202) 234-8231 (fax)

Attorneys for Plaintiffs

Karen B. Berkery (P38698)
Attorneys for Defendant ARISTA MANAGEMENT INC. , d/b/a QUALICARE NURSING HOME INCORPORATED
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
313-965-7448
karen.berkery@kitch.com

/s/John C. Lowe
John C. Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda, MD 20816
(301) 320-5595 (tel)
(301) 320-8878 (fax)
johnlowe@johnlowepc.com

Attorneys for Defendant